IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1) JOE PASSMORE and <br> 2) NORMA PASSMORE, Husband & Wife, <br><br> Plaintiffs, <br><br> *versus* <br><br> 1) STATE FARM FIRE AND CASUALTY COMPANY and 2) CAVNAR INSURANCE AGENCY, INC. <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. CIV-15-604-M <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

### PLAINTIFFS' COMPLAINT

**COMES NOW** the Plaintiffs, Joe Passmore and Norma Passmore, Husband and Wife (hereinafter "Plaintiffs"), and for their causes of action against Defendants, STATE FARM FIRE AND CASUALTY COMPANY, (hereinafter collectively referred to as "STATE FARM"), CAVNAR INSURANCE AGENCY, INC., (hereinafter "CIAI"), hereby states as follows:

### STATEMENT OF FACTS

1. Plaintiffs are residents of Oklahoma City, Oklahoma County, Oklahoma. Plaintiffs have an insurable interest in the property located at 601 SW 160th Street, Oklahoma City, Oklahoma 3170-7634.

2. Defendant STATE FARM is a corporation incorporated under the laws of the State of Illinois, and is an insurance company registered to engage in the business of insurance in the state of Oklahoma.

3. Defendant, CIAI, is an insurance agency incorporated under the laws of the State of Oklahoma, having its principal place of business in Oklahoma.

4.  Plaintiffs entered into a contract for insurance with Defendant, STATE FARM to provide coverage for its property and its contents. Plaintiffs' insured property is located in Oklahoma County, Oklahoma.

5.  PlaintiffS purchased the policy of insurance through the offices of Defendant, CIAI. At the time Plaintiffs purchased the policy of insurance with Defendant STATE FARM, the Defendant CIAI was an agent and/or an ostensible agent of Defendant STATE FARM.

6.  Defendant, CIAI, was familiar with Plaintiffs and has served as Plaintiffs' primary insurance agent for its insurance needs. Defendant, STATE FARM, advised Plaintiffs of the need to maintain replacement cost coverage on the property.

7.  Plaintiffs relied on Defendant, CIAI's representations and purchased the same. Plaintiff trusted and believed Defendant, CIAI had the requisite insurance agent skills and expertise to properly procure the replacement cost insurance coverage Plaintiffs requested.

8.  Thereafter Defendant, STATE FARM, issued the Homeowners policy of insurance, Policy 36-C6-9498-9, to the Plaintiffs.

9.  Defendant, STATE FARM, represented to the Plaintiffs, directly and through its agent, Defendant, CIAI, that it would conduct itself in accordance with Oklahoma law and would fully and faithfully investigate and pay claims. Plaintiffs relied on said representations.

10. On or about May 31, 2013, the property insured by Plaintiffs under the subject insurance policy was severely damaged as a direct result of a tornado.

11. Plaintiff timely and properly submitted a claim to Defendant, STATE FARM, for

the property damage incurred due to the tornado.

12. Defendant, STATE FARM confirmed that the cause of Plaintiffs' property damage claim was due to the tornado and that the loss was covered under the terms and conditions of the insurance policy with Defendant, STATE FARM. Defendant, STATE FARM assigned a claim number of 3630M6344.

## STATUTORY AUTHORITY

13. This suit is being brought, in part, under the Oklahoma Unfair Settlement Practices Act, Okla. Stat. Ann. §36-1250.5; and the Oklahoma Consumer Protection Act, 15 Oka. Stat. §753.

## FIRST CAUSE OF ACTION
## BREACH OF CONTRACT

14. Plaintiffs adopt and incorporate by reference paragraphs 1 through 13 above as if fully plead herein, and for further claims against the Defendant, STATE FARM, alleges as follows:

15. Plaintiffs entered into a contract for insurance with Defendant, STATE FARM, to provide coverage for the dwelling and personal property.

16. At all times material hereto, the policy of insurance, Policy No. 36-C6-9498-9, was in full force and effect.

17. Plaintiffs provided timely and proper notice of their claim of property damage resultant from the May 31, 2013 tornado.

18. Plaintiffs have complied with the terms and conditions and all conditions precedent under the policy of insurance.

19. This notwithstanding, the Defendant, STATE FARM, has breached its contractual obligations under the terms and conditions of the insurance contract with

Plaintiffs by failing to pay Plaintiffs all benefits owed.

20. As a result of the Defendant, STATE FARM'S breach of contract the Plaintiffs have sustained financial losses, mental and emotional distress, and have been damaged in an amount in excess of Seventy Five Thousand Dollars ($75,000.00), exclusive of attorneys' fees, costs, and all interest allowed by law.

21. The conduct of Defendant, STATE FARM, was intentional, willful, malicious, and in reckless disregard to the rights of Plaintiffs, and said conduct is sufficiently egregious in nature to warrant the imposition of punitive damages.

**EIGHTH CAUSE OF ACTION**
**BREACH OF COMMON LAW**
**DUTY OF GOOD FAITH AND FAIR DEALING**

22. Plaintiffs adopt and incorporate by reference paragraphs 1 through 21 above as if fully plead herein, and for further claims against the Defendants alleges as follows:

23. Defendants' conduct, as described above, constitutes a breach of the common law duty of good faith and fair dealing owed to it's insured pursuant to the insurance contract.

24. Defendants' conduct, as described above, was in direct contradiction of the applicable industry standards of good faith and fair dealing.

25. Defendants' failure, as described above, to adequately and reasonable investigate, evaluate, and pay the benefits owed under the insurance contract, knowing full well through the exercise of reasonable diligence that its liability was reasonably clear, resulted in a breach of the duty of good faith and fair dealing.

## PRAYER FOR RELIEF

**WHEREFORE**, premises considered, the Plaintiffs pray for judgment against Defendants, STATE FARM FIRE AND CASUALTY COMPANY and CAVNAR INSURANCE AGENCY, INC., for:

a. Payment of all contractual benefits for all coverages afforded to Plaintiffs under the subject policy of insurance for damage to its dwelling and personal property caused by the May 31, 2013, tornado, together with interest on all amounts due;

b. Compensatory damages for intentional infliction of emotional distress and mental pain and suffering;

c. Disgorgement of the incureased financial benefits derived by Defendants as a direct result of Defendants' wrongful or intentional, willful, malicious and/or reckless conduct;

d. Actual and punitive damages each in an amount in excess of Seventy Five Thousand Dollars ($75,000.00); and

e. Attorneys' fees, costs and interest, including pre-judgment and post-judgment interest.

Respectfully submitted,

_/s/ Phillip N. Sanov_
Phillip N. Sanov, Esq.
Merlin Law Group
TX State Bar No: 17635959
Three Riverway, Suite 701
Houston, Texas 77056
psanov@merlinlawgroup.com
T: 713-626-8880
F: 713-626-8881

        Larry Bache, Esq.
        FL State Bar No: 91304
        Merlin Law Group
        777 S. Harbour Blvd, 9th Floor
        Tampa, FL 33602
        lbache@merlinlawgroup.com
        T: 813-229-1000
        F: 813-229-3692

        ***ATTORNEYS FOR PLAINTIFF***

**ATTORNEYS' LIEN CLAIMED**
**JURY TRIAL DEMANDED**